# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MORGAS-MENDOZA,<br><br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Civil No.:    16cv02005 JAH<br>Criminal No.: 16cr00837 JAH<br><br>**ORDER DENYING MOTION TO VACATE** |

Petitioner Jorge Morgas-Mendoza, proceeding pro se, filed a motion challenging his conviction under 28 U.S.C. § 2255 ("section 2255"). Respondent filed a response. After a thorough review of the record and the parties' submissions, and for the reasons set forth below, this Court **DENIES** Petitioner's motion.

## BACKGROUND

On March 22, 2016, Petitioner was arrested by a United States Border Patrol agent after attempting to conceal himself in a brush approximately three miles east of the Otay Mesa Port of Entry and admitting he did not possess proper immigration documents. Doc. No. 1 at 2. On April 21, 2016, Petitioner signed a waiver of indictment and the United States Attorney filed a superseding information charging Defendant with illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326(a)-(b). See

1

Doc. No. 11. On May 3, 2016, Petitioner pled guilty to the superseding information pursuant to a plea agreement. See Doc. No. 17.

In the plea agreement, the parties agreed to a base offense level of 8, and -3 levels for acceptance of responsibility. Doc. No. 17 at 8. Petitioner also agreed to waive appeal and collateral attack. Doc. No. 17 at 10-11. After Petitioner entered his change of plea, the United States recommended Petitioner be sentenced to the maximum amount permitted under the guideline range of 46 months in custody. Doc. No. 22 at 2. Defense counsel recommended Petitioner be sentenced to 8 months in custody. Doc. No. 24-1 at 1.

At the sentencing hearing on July 25, 2016, this Court sentenced Petitioner to 30 months in custody, followed by a three-year term of supervised release. See Doc. No. 30. Thereafter, Petitioner filed the instant motion seeking to vacate or set aside his sentence and the United States filed a response in opposition. See Doc. Nos. 27, 31.

## DISCUSSION

Petitioner seeks an order modifying on the grounds he received ineffective assistance of counsel and he was sentenced outside his guideline range. Respondent argues the motion should be denied because defense counsel was not ineffective, and his claim is barred by the appellate waiver in the plea agreement.

**I.   Legal Standard**

A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

**II. Analysis**

Petitioner waived his right to appeal or collaterally attack his judgment and sentence. Doc. No. 17 at 10-11. A knowing and voluntary waiver of a statutory right is enforceable. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence pursuant to 28 U.S.C. section 2255 is statutory in nature, and

a defendant may therefore waive the right to file a section 2255 petition. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that, by entering plea agreement whereby defendant waived right to appeal his sentence, defendant relinquished right to directly or collaterally attack his sentence on the ground of newly discovered exculpatory evidence).

The scope of a section 2255 waiver may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Federal Rule of Criminal Procedure 11 to ensure that the waiver was knowingly and voluntarily made. See Navarro-Botello, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement or violates the law. See Id.; United States v. Littlefield, 105 F.3d 527, 528 (9th Cir. 1997). Additionally, a waiver may be "unenforceable" and may not "categorically foreclose" a defendant from bringing section 2255 proceedings where a petitioner claims ineffective assistance of counsel challenging the voluntariness of his plea. Lampert, 422 F.3d at 871; Abarca, 985 F.2d at 1014; see also United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

To establish an ineffective assistance of counsel claim, two requirements must be met: (1) That the counsel's performance was deficient, which requires a showing that counsel made errors so serious that he/she was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) That the counsel's deficient performance prejudiced the petitioner, which requires a showing that counsel's errors were so serious they deprived the petitioner of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984).

The record demonstrates Petitioner's waiver was made knowingly and voluntarily. In the plea agreement, Defendant certified that he read the agreement and fully understood its meaning and effect. See Doc. No. 17 at 5. In his motion, Petitioner contends his counsel was ineffective because she coerced him into signing the plea agreement and misinformed him about the amount of time he was exposing himself to when he signed the plea

3

16cv02005 JAH
Criminal No.: 16cr00837 JAH

agreement.[1] In a declaration submitted by the United States in its response, defense counsel states she never promised Petitioner any type of sentence, that the sentence would be determined by this Court, and that she thoroughly reviewed the plea agreement with Petitioner before he signed it. Doc. No. 31-1 at 1-2. At the plea hearing, the magistrate judge determined Petitioner made his guilty plea knowingly and voluntarily, which was not the result of force, threats, or promises other than those in the plea agreement. Doc. No. 18 at 4. The magistrate judge further determined that Petitioner understood the plea agreement would waive his right to collaterally attack his conviction and sentence. Id. at 3. Additionally, the plea agreement, which Petitioner signed and initialed, clearly reads that Petitioner had a full opportunity to discuss the facts and circumstances of his case, understood the consequences of his plea, was not made any promises other than those in the plea agreement, and was not threatened to induce the guilty plea. Doc No. 17 at 5.

Petitioner's contentions are without merit. Petitioner presents no facts indicating he was coerced into signing the plea agreement by any of the parties or that his counsel misinformed him about the time he was exposing himself to. The plea agreement also clearly states that his sentencing was within the sole discretion of the Court, not the United States nor his defense counsel. Doc. No. 17 at 7. For these reasons, Petitioner has failed to show that his counsel's performance was deficient.

Petitioner further fails to demonstrate prejudice. As such, Petitioner fails to demonstrate his guilty plea was not made knowingly and voluntarily, and his waiver is enforceable and forecloses his collateral attack.

## III. Certificate of Appealability

Pursuant to Rule 11 of the Rules following 28 U.S.C. § 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the

---

[1] Petitioner claims he "sign[ed] for a year and a day" and received 37 months at sentencing. Doc No. 27 at 13-14. However, Petitioner was sentenced to 30 months followed by three years of supervised release. See Doc. No. 30. Petitioner does not make it clear whether his counsel specifically told him he would be sentenced "for a year and a day" or if he would receive a different sentence.

4

applicant" in Section 2255 cases such as this. A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000); Barefoot v. Estelle, 463 U.S. 880 (1983)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate to deserve encouragement to proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Petitioner's motion to vacate, set aside or correct his sentence is **DENIED**; and

2. Petitioner is **DENIED** a certificate of appealability.

Dated: November 18, 2019

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

5

16cv02005 JAH
Criminal No.: 16cr00837 JAH